# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-669V
**Filed: April 7, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| GRAHAM ROBERTS, | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Influenza (Flu) Vaccine; Transverse |
| | * | Myelitis (TM) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Christina Ciampolillo, Conway, Homer & Chin-Caplan, PC, Boston, MA, for petitioner.
Darryl Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 3, 2012, Graham Roberts ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). The petition alleged that petitioner suffered a neurological demyelinating injury as a result of an influenza ("flu") vaccination he received on October 13, 2009. Petition at 1-2. Petitioner later filed an amended petition in which he alleged that his vaccine-related injury was, in fact, transverse myelitis (TM). Amended Petition, filed April 8, 2013, at 1.

On April 7, 2014, the parties filed a stipulation, stating that a decision should be entered

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

awarding compensation.

Respondent denies that the flu vaccine either caused or significantly aggravated petitioner's TM or any other injury, and denies that petitioner experienced symptoms of TM or any other injury for more than six months. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $77,176.41, in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> s/ Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GRAHAM ROBERTS, ) | |
| ) | |
| Petitioner, ) | No. 12-669V  ECF |
| ) | |
| v. ) | Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Graham Roberts, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on October 13, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that, as a result of receiving the flu vaccine, he suffered from transverse myelitis ("TM"), and that he experienced symptoms of TM for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of these injuries.

6. Respondent denies that the flu vaccine either caused or significantly aggravated

1

petitioner's TM or any other injury, and denies that he experienced symptoms of TM or any other injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $77,176.41, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amounts

awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on October 13, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about October 3, 2012, in the United States Court of Federal Claims as petition No. 12-669V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

3

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine either caused or significantly aggravated petitioner's TM or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

4

Respectfully submitted,

PETITIONER:

*/s/ Graham Roberts*
GRAHAM ROBERTS

| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| Ronald C. Homer by *Christina Campbell Rule 83.1(c)(2)* <br> RONALD C. HOMER <br> Conway, Homer & Chin-Caplan, P.C. <br> 16 Shawmut Street <br> Boston, MA 02116 <br> (617) 695-0880 | VINCENT J. MATANOSKI <br> Deputy Director <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 |
| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
| VITO CASERTA, M.D., M.P.H. <br> Acting Director, Division of Vaccine Injury Compensation (DVIC) <br> Director, Countermeasures Injury Compensation Program (CICP) <br> Healthcare Systems Bureau <br> U.S. Department of Health and Human Services <br> 5600 Fishers Lane <br> Parklawn Building, Mail Stop 11C-26 <br> Rockville, MD 20857 <br><br> Dated: 4/7/14 | DARRYL R. WISHARD <br> Trial Attorney <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 <br> (202) 616-4357 |

5